## Manny Vasile

| | |
|---|---|
| From: | Chad Stone <ogchadstone@gmail.com> |
| Sent: | Monday, September 12, 2022 10:26 AM |
| To: | Manny Vasile |
| Subject: | Fwd: FW: Park County Attorney |
| Attachments: | 20191213150455164.pdf |

EXTERNAL SENDER

---------- Forwarded message ---------
From: **Kendra Lassiter** <countyattorney@parkcounty.org>
Date: Fri, Dec 13, 2019 at 3:06 PM
Subject: FW: Park County Attorney
To: ogchadstone@gmail.com <ogchadstone@gmail.com>

-----Original Message-----
From: scanner@parkcounty.org [mailto:scanner@parkcounty.org]
Sent: Friday, December 13, 2019 3:05 PM
To: Kendra Lassiter <countyattorney@parkcounty.org>
Subject: Park County Attorney

This E-mail was sent from "RNP002673F69EFD" (MP 5055).

Scan Date: 12.13.2019 15:04:55 (-0700)
Queries to: scanner@parkcounty.org



DEFENDANT'S EXHIBIT 3



# PARK COUNTY ATTORNEY'S OFFICE
*414 East Callender Street • Livingston, MT 59047 • Telephone: (406) 222-4150 • Fax (406) 222-4152*

April 12, 2019

Karl Knuchel
Knuchel Law, PLLC
101 North E. Street
PO Box 953
Livingston, MT 59047
Livingston, MT 59047

Re: Dirkers/Stanley/Chad Stone Order of Protection

Dear Karl,

    Mr. Dirkers has requested that our office charge Mr. Stone with violating orders of protection, which were issued by the Park County Justice of the Peace. While our office understands the concerns raised by your clients, unfortunately, after reviewing the relevant statutory criteria, it appears that the protective order was issued in spite of the fact that the statutory criteria had not been met. The relevant statute, §45-15-102, MCA, limits the circumstances giving rise to an Order of Protection. Section 45-15-102, states:

**40-15-102. Eligibility for order of protection.**

(1)    A person may file a petition for an order of protection if:

    (a) the petitioner is in reasonable apprehension of bodily injury by the petitioner's partner or family member as defined i; or

    (b) the petitioner is a victim of one of the following offenses committed by a partner or family member:
        (i) assault as defined in 45-5-201;
        (ii) aggravated assault as defined in 45-5-202;
        (iii) intimidation as defined in 45-5-203;
        (iv) partner or family member assault as defined in 45-5-206;
        (v) criminal endangerment as defined in 45-5-207;
        (vi) negligent endangerment as defined in 45-5-208;
        (vii) assault on a minor as defined in 45-5-212;
        (viii) assault with a weapon as defined in 45-5-213;
        (ix) unlawful restraint as defined in 45-5-301;
        (x) kidnapping as defined in 45-5-302;

    (xi) aggravated kidnapping as defined in 45-5-303; or
    (xii) arson as defined in 45-6-103.

(2) The following individuals are eligible to file a petition for an order of protection against the offender regardless of the individual's relationship to the offender:
(a) a victim of assault as defined in 45-5-201, aggravated assault as defined in 45-5-202, assault on a minor as defined in 45-5-212, stalking as defined in 45-5-220, incest as defined in 45-5-507, sexual assault as defined in 45-5-502, or sexual intercourse without consent as defined in 45-5-503; or
(b) a partner or family member of a victim of deliberate homicide as defined in 45-5-102 or mitigated deliberate homicide as defined in 45-5-103.

(3) A parent, guardian ad litem, or other representative of the petitioner may file a petition for an order of protection on behalf of a minor petitioner against the petitioner's abuser. At its discretion, a court may appoint a guardian ad litem for a minor petitioner.

(4) A guardian must be appointed for a minor respondent when required by Rule 17(c), Montana Rules of Civil Procedure, or by 25-31-602. An order of protection is effective against a respondent regardless of the respondent's age.

(5) A petitioner is eligible for an order of protection whether or not:
  (a) the petitioner reports the abuse to law enforcement;
  (b) charges are filed; or
  (c) the petitioner participates in a criminal prosecution.

(6) If a petitioner is otherwise entitled to an order of protection, the length of time between the abusive incident and the petitioner's application for an order of protection is irrelevant.

  Neither Mr. or Mrs. Dirkers nor Ms. Stanley fall within the eligibility criteria set forth at §40-15-02(1)(a) or (b), because they are neither partners nor family members of Mr. Stone. Nor do they appear to meet the eligibility criteria for non-partners or family members set forth at §40-15-102(2)(a) or (b). Therefore, our office cannot take action to enforce the order. If the Dirkers or Ms. Stanley believe Mr. Stone is guilty of a separate criminal offense, they should request assistance from law enforcement.

  Please contact our office if you have any questions regarding this opinion.

Sincerely,


Kendra K. Lassiter
Park County Attorney



cc: Park County Sheriff Brad Bichler