RUSSELL A. HART
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
2702 Montana Ave, Ste. 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
Email:  russell_hart@fd.org
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEROY STONE,<br><br>Defendant. | CR 22-93-BLG-SPW<br><br>**DEFENDANT STONE'S BRIEF IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE OR BECAUSE AN OFFENSE ELEMENT IS MISSING OR BOTH** |

## INTRODUCTION

Defendant has filed a motion to dismiss the indictment (ECF No. 38).  This brief supports that motion.

## ARGUMENT

The Government has alleged that, on or about July 23, 2021, Mr. Stone was subject to a court order which prohibited him from possessing firearms pursuant to

1

18 U.S.C. 922(g)(8). Based upon counsel's review of the evidence, the order which purports to have prohibited Mr. Stone from possessing a firearm on July 23, 2021 was issued without a hearing and fails to establish other elements of 922(g)(8). Although an indictment's failure to state an offense "is never waived" the cases indicate this is a defect that the defense should raise now rather than delay because indictments which "are tardily challenged are liberally construed [later] in favor of validity". *United States v. Lo*, 231 F.3d 471, 481 (9th Cir. 2000).

In *United States v. Spangler*, 810 F.3d 702 (9th Cir. 2016) the Court stressed the need to bring issues like this to the district court pretrial. Moreover, *Spangler* cites to a foundational decision of the Ninth Circuit in this area (*United States v. Pheaster*, 544 F.2d 353 (1977)) which likewise places what can be fairly labeled a total embargo on any tardy indictment challenges, such as the one brought here by Mr. Stone. "Given these considerations, 'indictments which are tardily challenged are liberally construed in favor of validity,'" *United States v. Spangler*, 810 F.3d at 711, quoting *Echavarria-Olarte v. Reno*, 35 F.3d 395, 397 (9th Cir. 1994) (quoting *United States v. Rodriguez-Ramirez*, 777 F.2d 454, 459 (9th Cir. 1985)).

Relevant to the language used in the Indictment, 18 U.S.C. 922(g)(8) makes it "unlawful for any person who is subject to a court order that (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or

threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury."

Because §922(g)(8) only applies to certain restraining orders "and significant interplay between state and federal court proceedings is involved, [the Federal Courts] review the facts relating to the issuance in state court of the predicate" order. *United States v. Young*, 458 F.3d 998, 1000 (9th Cir. 2006). In this case, the order which allegedly prohibited Mr. Stone from possessing a firearm on July 23, 2021 was not issued after a hearing of which Mr. Stone received actual notice or an opportunity to participate, nor did it, by its terms, explicitly prohibit him from using or threatening force against anyone. That is the main thrust of Mr. Stone's motion: a hearing and specific prohibitions in the text of the order are elements of the offense that cannot be met in this case.

Additionally, it is typical that "a criminal proceeding may go forward, even if the predicate [restraining order] was in some way unconstitutional, so long as a sufficient opportunity for judicial review of the predicate [restraining order proceeding] exists." *Id*. at 1005. This Court may entertain a collateral inquiry into

3

the constitutionality of a state court's restraining proceedings so long as it is material to the extent that 922(g)(8) requires certain procedural protections. *Young*, at 1005.

Mr. Stone asserts such a collateral inquiry is unnecessary in this case: since the order referenced in the Indictment did not flow from a hearing or explicitly restrain him from any activity as required by 18 U.S.C. §922(g)(8), the Indictment fails to state an offense. Only if the Court finds that the November 9, 2020 order qualifies as a §922(g)(8) prohibition as to Mr. Stone is the colloquy contemplated in *Young* appropriate. If the Court does engage in this colloquy, Montana has codified the procedural protections of §922(g)(8) in its order of protection statutes and its courts failed to follow those procedures in Mr. Stone's case.

In Montana, a petitioner may seek an order of protection from the Courts by filing a sworn petition stating that she is in reasonable apprehension of bodily injury or is a victim of an enumerated criminal offense and is in danger of harm unless an order is granted. Mont. Code Ann. §40-15-201(1). The temporary order may restrict a person from committing acts of violence against the petitioner or any other family member, among other relief. Mont. Code Ann. §40-15-201(2)(a). Within 20 days after a petition is filed, the court must conduct a hearing to determine "whether good cause exists for the temporary order of protection to be continued, amended, or made permanent". Mont. Code Ann §40-15-202(1).

Montana Code Annotated §40-15-204 defines the authority of Montana's courts following such a hearing: "The court may, on the basis of the respondent's history of violence, the severity of the offense at issue, **and the evidence presented at the hearing**, determine that to avoid further injury or harm, the petitioner needs permanent protection. The Court may order that the order of protection remain in effect permanently." Mont. Code Ann. §40-15-204(1) (emphasis added).

"An order of protection under this section may continue for an appropriate time period as directed by the court or be made permanent under subsection (1), (2), or (4)." Mont. Code Ann. §40-15-204(5). The relevant orders in Mr. Stone's case were issued as part of a dissolution of marriage proceeding: "In a dissolution proceeding, the district court may, upon request, issue either an order of protection for an appropriate period of time or a permanent order of protection". Mont. Code Ann. §40-15-204(2). An Order of protection may also restrict a person from any other named family member and can be granted permanently if the court finds that the minor was a victim of, witness to, or endangered by an environment of abuse. Mont. Code Ann. §40-15-204(4).

The Montana Supreme Court has held it is "a manifest abuse of the District Court's discretion" to make permanent a temporary order of protection without first holding a hearing. *In re Marriage of Coogler*, 321 Mont. 243, at ¶24, 90 P.3d 414, 418, 2004 Mont. Lexis 2001. In *Coogler*, the respondent was incarcerated at the

time set for a Mont. Code Ann. §40-15-202 hearing and alleged (1) that he was not provided notice, and (2) the court did not hold a hearing. The court reporter for the district court stated in an affidavit that no hearing was held. *Id*. at ¶¶ 4-13. "Under § 40-15-202(1), MCA, a court must hold a show cause hearing before rendering its decision to deem permanent a temporary order of protection." *Id*. at ¶24.

Mr. Stone's case is procedurally different: A hearing was held on November 13, 2017. After hearing the evidence at a hearing, the Court determined an order of protection for a term of three years was appropriate. That order appears to have prohibited Mr. Stone from possessing a firearm under 18 U.S.C. §922(g)(8) for a period of three years. Then, on November 9, 2020, without a hearing and upon review only of a motion filed by Mr. Stone's ex-wife, the court issued an order that purported to make its 2017 order permanent. No statutory mechanism exists for a Montana court to do this without a hearing. Even if the November 2020 order were valid under Montana law, it would not be a §922(g)(8) order since Mr. Stone clearly did not have an opportunity to be heard at a hearing and it lacks language which is explicitly required by §922(g)(8).

## CONCLUSION

Mr. Stone moves to dismiss the indictment. The issuance of a prohibiting order following a hearing at which the responding party is afforded notice and the opportunity to participate is an element of 18 U.S.C. §922(g)(8). The Indictment

references "a court order" which was "issued after a hearing" "that by its terms explicitly prohibited the use, attempted use or threatened use of physical force" against an intimate partner. The order which purports to have prohibited Mr. Stone from possessing a firearm checks one of these boxes in that it is an order: it clearly states that it was issued without a hearing and does not explicitly prohibit Mr. Stone from doing anything. It does not even reference which order of protection it purports to make permanent.

Rather than "a court order" restraining Mr. Stone's activities as alleged in the Indictment, the factfinder will be required to view two orders issued three years apart, determine whether one prohibited Mr. Stone from possessing a firearm on July 23, 2021, and whether the applicable order complies with the hearing and notice requirements of 18 U.S.C. 922(g)(8) and contains the explicit prohibitions the statute requires. This issue is appropriate for pretrial determination as to the missing elements in the Indictment and its failure to state an offense.

RESPECTFULLY SUBMITTED this 28th day of November, 2022.

/s/      Russell A. Hart
Assistant Federal Defender
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2) (as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 1,503 excluding tables and certificates).

DATED this 28th day of November, 2022.

/s/     Russell A. Hart

Assistant Federal Defender
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on November 28, 2022, a copy of the foregoing document was served on the following persons by the following means:

  1      CM-ECF

  2      Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. THOMAS GODFREY
   Assistant United States Attorney
   U.S. Attorney's Office
   District of Montana
   901 Front St., Suite 1100
   Helena, MT 59626
        Counsel for United States of America

2. CHAD LEROY STONE
        Defendant

                        /s/ Russell A. Hart
                        FEDERAL DEFENDERS OF MONTANA