**TIMOTHY A. TATARKA**
**THOMAS K. GODFREY**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Tim.Tatarka@usdoj.gov**
           **Thomas.Godfrey@usdoj.gov**


**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| **UNITED STATES OF AMERICA,** | **CR 22-93-BLG-SPW** |
|---|---|
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' RESPONSE TO MOTION TO DISMISS** |
| **CHAD LEROY STONE,** | |
| **Defendant.** | |

Defendant Chad Leroy Stone has filed a motion to dismiss the indictment in this matter. Doc. 38. Stone asserts the indictment should be dismissed because the underlying protective order does not meet the requirements of 18 U.S.C.

1

§ 922(g)(8). Doc. 39. The United States respectfully requests the Court deny the motion to dismiss.

## PROCEDURAL BACKGROUND

Defendant Stone is charged in a single-count indictment with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8), which states as follows:

> "(g) It shall be unlawful for any person…
> (8) who is subject to a court order that--
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

18 U.S.C. § 922(g)(8).

The indictment in this case states:

> THE GRAND JURY CHARGES: That on or about July 23, 2021, at Emigrant and within Park County, in the State and District of Montana, the defendant, CHAD LEROY STONE, knowing he was subject to a court order, issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner, that by its terms explicitly prohibited the use,

2

attempted use or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(8).

Doc. 2.

The defendant pled not guilty to the charge. Doc. 6. Trial is set in this matter on January 17, 2023. Doc. 37.

On November 28, 2022, the defendant filed a motion to dismiss the indictment. Doc. 38. The defendant moves the Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to dismiss the indictment in this case. *Id.* at 1. The defendant argues that the indictment fails to state an offense and should be dismissed because the underlying order of protection does not meet the elemental requirements of 18 U.S.C. § 922(g)(8). Doc. 38. at 3.

## LEGAL AUTHORITY

Rule 12 of the Federal Rules of Criminal Procedure governs pleadings and pretrial motions. A criminal defendant may move to dismiss the indictment at any time prior to trial. In deciding a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R.

3

Crim. P. 7(c)(1). "The indictment either states an offense or it doesn't," and there is no need to conduct an evidentiary hearing on the elements. *Boren*, 278 F.3d at 914.

An indictment is sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (citation omitted). The test for sufficiency of the indictment is "not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Awad*, 551 F.3d at 935 (quoting *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)).

The court must accept the facts alleged in the indictment as true when analyzing whether a cognizable offense has been charged. *Boren*, 278 F.3d at 914. The indictment must be read in its entirety and construed with "common sense and practicality." *Awad*, 551 F.3d at 936 (citation omitted). Where the indictment 'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)).

## ARGUMENT

**I.  The indictment sufficiently states an offense and requires resolution of preliminary factual questions that are not "entirely separable" from the elements of the offense, but the United States**

**is prepared to consent to pretrial resolution of the legal issue if it can be resolved on limited undisputed facts.**

**A. Limitation on pre-trial resolution of factual issues.**

As the Ninth Circuit has made clear, "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *Boren*, 278 F.3d at 914 (quoting *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996)). With that in mind it is important to consider the scope of the Court's review relating to a motion to dismiss. There are three general categories of motions to dismiss in criminal, each with a different standard in relation to the Court's consideration of facts in the case.

First, Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides for a challenge to a defect in the indictment, including failure to state an offense. In deciding such a motion, the "court is bound by the four corners of the indictment." *Boren*, 278 F.3d at 914. The court must accept the facts alleged in the indictment as true when analyzing whether a cognizable offense has been charged. *Id.* at 914. "The Court should not consider evidence not appearing on the face of the indictment." *Boren*, 278 F.3d at 914 (quoting *Jensen,* 93 F.3d at 669; *see also United States v. Sampson,* 371 U.S. 75, 78–79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense.").

Second, Rule 12(b)(1) permits a motion to address any defense "that the court can determine without trial on the merits." *United States v. Shortt Accountancy Corp*, 785 F.2d 1448, 1452 (9th Cir. 1986). A motion is generally capable of determination before trial if it involves questions law rather than fact. *Id.* However, "a district court may make preliminary findings of fact necessary to resolve questions of law presented in pre-trial motions *so long as the court's findings on the motion do not invade the province of the jury*." *Id.* (emphasis added). A motion requiring factual determinations may be decided before trial only if "the facts surrounding commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.*

Generally, Rule 12(b) motions are appropriate to consider matters where facts related to an issue are "entirely separable from the evidence to be presented at trial," such as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, and lack of jurisdiction." *United States v. Nukida,* 8 F.3d 665, 670 (9th Cir.1993) (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989). As *Nukida* explains, however, where the issue involves facts related to "one of the material elements of the offense" the motion amounts to "a premature challenge to the sufficiency of the government's evidence." *Id.* at 669-70 (concluding that challenge to whether defendant's actions affected interstate

6

commerce was not subject to a motion to dismiss because it was an element of the offense).

Such "[f]actual defenses are properly advanced through a Rule 29 motion which seeks a judgment of acquittal after the United States' presentation of its case to the jury." *United States v. Nixon*, No. 20-CR-85-BLG-DLC, 2021 WL 961776, at 1 (D. Mont. March 15, 2021) The "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected...." *Nukida,* 8 F.3d at 670.

Third, and finally, even where a legal issue requires findings of fact that are not "entirely separable" from the evidence that would be presented to the jury and thus would appropriately be raised only on a motion for acquittal, it appears that the Court may resolve the issue pretrial where the parties agree the record is complete and the material facts are not in dispute.[1]  *See e.g., United States v. Herron*, 45 F.3d

---

[1] As the Tenth Circuit explained in *United States v. Pope*, 613 F.3d 1255 (10 Cir. 2010) (Gorsuch, J.), such cases, which are the "rare exception," are not parallel to civil summary judgment procedures, but are available only when and because "undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *Id*. at 1260-61 (citations omitted).  As *Pope* explains, "[t]he extra-indictment evidence thus must be undisputed in the sense that it is agreed to by the parties—neither side having expressed any objection to its consideration or any objection to its completeness and accuracy." *Id*. (emphasis in original).  Accordingly, "even latent factual disputes over circumstances surrounding commission of the alleged offense can sometimes prevent pretrial determination of a defense." *Id*. (emphasis in original).  "To warrant dismissal, it must be clear from the parties agreed representations about

7

340 (9th Cir. 1995) (upholding dismissal of a felon in possession charge because defendant's civil rights on the underlying felony had been restored); *United States v. Banks*, 339 F.3d 267 (5th Cir. 2003) (deciding issues of notice and opportunity to participate in a pretrial motion where Government consented to pretrial resolution).

### B. Application to prosecutions involving 18 U.S.C. § 922(g)(8) and related statutes.

Whether a defendant is subject to a court order meeting the specifications of 18 U.S. § 922(g)(8) must be found by a jury in order the defendant to be found guilty of the offense.[2]

The indictment here sufficiently sets forth the essential facts constituting the offense charged. It tracks the statutory language. The statute sets out the prohibited conduct in straightforward language capable of being understood by a person of ordinary intelligence. *See United States v. Sholley-Gonzalez*, 966 F.3d 887, 894 (1st Cir. 2021) (describing the required elements and declining to review the

---

the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose." *Id.* (emphasis in original).
[2] Those elements are the following: (1) the defendant possessed firearm; (2) the firearm had been transported in interstate or foreign commerce; (3) at the time the defendant possessed the firearm <u>he was subject to a court order that (A) was issued after a hearing of which he received actual notice, and at which such person had an opportunity to participate; (B) retraining him from harassing, stalking, and threatening an intimate partner; (C) that by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury</u>; and (4) the defendant was aware of his statute. *See* 18 U.S.C. § 922(g)(8) (emphasis added).

underlying protective order). The indictment gives Stone fair notice of the elements of the crime and the nature of the offense under § 922(g)(8). Accordingly, there is no merit to any challenge to whether the indictment adequately states an offense.

There is some indication that Stone intends his motion to challenge the adequacy of the indictment. *See* Doc. 39 at 2 (referring to the motion as an "indictment challenge" and citing *United States v. Spangler*, 810 F.3d 702 (9th Cir. 2016) which does address failure to state an offense). It is evident, however, that Stone's motion "urges [the Court] to go beyond the face of the indictment and review the underlying protective order." *Sholley-Gonzalez*, 966 F.3d at 893. Stone's brief makes expressly clear that its challenge is "[b]ased upon counsel's review of the evidence," Doc. 39 at 2, in order to address the facts surrounding the issuance of the underlying order. Such a challenge is not permissible under Rule 12(b)(3)(B)(iv). *See Nixon*, 2021 WL 961776, at *2.

Because Stone's challenge asks the Court to address the underlying order, we turn to the second category of motions discussed above and Stone's challenge requires the court to analyze only questions that are "entirely separable" from the issues at trial, or if it must invade the province of the jury and address elements of the offense. In *United States v. Souza*, No. 22-CR-84-BLG-SPW, 2022 WL 4245665 (D. Mont. Sept. 15, 2022), this Court recently addressed the legal question whether "opportunity to participate under § 922(g)(8)(A) is violated when the

9

Defendant was not appointed a guardian ad litem at his protective order hearing, which Defendant neither attended nor sought relief from." *Id.* at *3. To reach that question, the Court acknowledged that it was required to make factual findings regarding "(1) whether Defendant had notice of the hearing, (2) whether Defendant appeared at the hearing, and (3) whether Defendant sought relief from the protection order after the hearing." *Id.*

The Court concluded that it could address those factual questions because they were necessary to decide the legal question presented. But the Court's analysis failed to consider that "[i]f the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Nukida*, 8 F.3d at 669 (quoting *Shortt Accountancy*, 785 F.2d at 1452). *Nukida* provides a good example, there is no question that the facts surrounding the effect of the defendant's actions on interstate commerce was necessary to address defendant's pre-trial jurisdictional challenge, but because those same facts *were also necessary* for the government to prove the material elements of the case, the motion had to be deferred. *See id.* at 669-70.

In a prosecution under § 922(g)(8) the factual questions of whether defendant received notice of the hearing on the underlying order and had an opportunity to appear are elements that must be resolved by the factfinder in order to determine

guilt. *See* footnote 1. Accordingly, a challenge to the government's ability to prove those elements "amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense."[3] *Nikida*, 8 F.3d at 669-70. While a motion to dismiss is not appropriate, in that situation, the defendant is not without recourse as to the legal issue; he may test the sufficiency of the government's evidence by bringing a motion for acquittal at the conclusion of the government's case in chief. *Id.* at 672 ("The proper way for Nukida to challenge the sufficiency of the government's evidence pertaining to the jurisdictional element of affecting interstate commerce is a motion for acquittal under Rule 29."); *see Nixon*, 2021 WL 961776, at *1.

The United States is not blind, however, to the judicial efficiency of being able to resolve primarily legal questions relating to the underlying protective order in a case involving § 922(g)(8). Accordingly, where the issue to be resolved is primarily legal and the factual record is complete and undisputed with respect to the preliminary factual issues, the United States has agreed to resolve such issues pre-trial. *See Banks*, 339 F.3d at 270 (district court originally agreed with the United States that the issue was not subject to pre-trial determination, but decided the issue

---

[3] This remains true even if the Court takes the facts in the light most favorable to the non-moving party as it would do under a civil summary judgment motion. *Boren*, 278 F.3d at 914 (quoting *Jensen,* 93 F.3d at 669) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.").

11

after the United States waived its opposition); *United States v. Heintz*, No. CR-05-0109-WFN, 2005 WL 2875124, at *2 (E.D. Wash. Oct. 31, 2005) ("Here, both the Defendant and the Government agreed that the factual record is complete and that the motion is ripe for a decision.").

The United States is prepared to do so in this instance, provided that it correctly understands Stone's argument that the sole legal issue presented is that the order of protection which prohibits him from possessing firearms was not issued after a hearing which he received actual notice or opportunity to participate. Doc. 39 at 3. Stone attaches the amended order of protection issued on November 15, 2017, and the order extending it on November 9, 2020, as his two exhibits. Doc. 38 Ex. 1 and 2. The United States would add that the Montana Supreme Court addressed Stone's appeal of the November 15, 2017, order of protection. *Stone v. Stone*, 393 Mont. 538 (Mont. 2018). These facts appear to be undisputed and sufficient to resolve Stone's challenge, so with that understanding the United States is willing to address the issue on those facts. If the Court determines it is appropriate in this case to address this issue on the undisputed facts the United States addresses the issue below.

### C. The order of protection issued by the district court was proper under Montana law and complies with the provisions of 18 U.S.C. § 922(g)(8).

Stone attacks the underlying order of protection as being made permanent in violation of Montana law, thus making it an invalid order of protection. The best discussion of the facts involving the underlying order of protection and the Montana law involved comes from Stone's own appeal of the order of protection to the Supreme Court of Montana. *Stone v. Stone*, 393 Mont. 538 (Mont. 2018). That case addressed the order of protection at issue in this case. *Id.* The Supreme Court of Montana described the factual and procedural history of the case how a temporary order of protection was granted as to Stone's ex-wife on October 26, 2017. *Id.* at 1. The district court then conducted a hearing on November 13, 2017, at which Stone was present with his attorney and presented evidence. *Id.* at 1-2. On November 14, 2017, the district court issued a three-year order of protection which was amended on November 15, 2017, allowing an extension upon a motion filing. *Id.* at 2; Defendant's Exhibit 1. Stone appealed the granting of the order of protection and the Supreme Court of Montana found that the district court had good cause to "modify the temporary order of protection and issue a permanent order of protection." *Id.* at 3. In 2020 the district court extended that order of protection indefinitely. Defendant's Exhibit 2.

Stone asserts that the order of protection that was granted by the district court on November 14, 2017, was a "temporary" order of protection under Montana law Montana Code 45-15-201 thus requiring a hearing governed by Montana Code 40-

13

15-202 to be extended in 2020. Doc. 39 at 6. However, under Montana law the "temporary" order of protection was the one granted by the district court on October 26, 2017, prior to the hearing on November 13, 2017. *Stone*, 393 Mont. at 1. The written order of protection that is the basis of the 922(g)(8) charge here was granted after the hearing on November 13, 2017. *Id.* at 2. Indeed, the Montana Supreme Court refers to the November 14, 2017, amended on November 15, 2017, order of protection as a permanent order of protection repeatedly in its decision. *Id.* at 2-3. This order of protection granted after a hearing is governed by Montana Code 45-15-204 which is not a "temporary" order of protection under Montana law. Thus, Stone's assertion that the November 14, 2017, order of protection was a "temporary" order of protection requiring another hearing under Montana law to be extended is legally incorrect, as demonstrated by the appellate history of his own case. The required hearing occurred on November 13, 2017, a written order of protection was granted, Stone appealed it, and it was affirmed. *Stone*, 393 Mont. 538. Thus, the district court judge had the authority to extend it without conducting another hearing.

Aside from the clear appellate history of his own case, Stone's interpretation of Montana statute to qualify the November 14, 2017, as a "temporary" order of protection does not make sense. Montana Code 40-15-202 requires that "a hearing must be conducted within 20 days from the date that the court issues a temporary

14

order of protection" barring a continuance by either party or the court. If the order of protection issued on November 14, 2017, after the hearing the day before was also a temporary order of protection under Montana law like the one on October 26, 2017, there would have needed to be another hearing within 20 days. Additionally written orders of protection after the required hearing, governed by Montana Code 40-15-20,2 can either be for "an appropriate time period as directed by the court or be made permanent". Thus, Stone's interpretation of a "temporary" order of protection being any order of protection with a set end date is not consistent with Montana law.

Quite simply, a temporary order of protection under Montana law is the one that the court can issue prior to a hearing in which the other side has a chance to argue and present evidence. Stone had his hearing, an order of protection was granted, and the district court was not required to hold another one to extend it in 2020.

As both the order of protection and the history of the case behind the order of protection show the order of protection at issue here meets all of the requirements of 922(g)(8). It was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate. It restrained him from harassing, stalking, or threatening an intimate partner. By its terms it explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner

that would reasonably be expected to cause bodily injury. Thus, it is a valid order of protection to support the charge in this case.

Here, the crime charged plainly and sufficiently in the indictment is that Stone knowingly possessed a firearm in violation of an order of protection, in violation of 18 U.S.C. § 922(g)(1). Stone's claims that the indictment should be dismissed because the underlying order of protection is not legally adequate is groundless. His claim does not entitle him to dismissal under Fed. R. Crim. P. 12(b)(2).

## CONCLUSION

The United States respectfully requests the Court deny the motion to dismiss.

DATED this 12th day of December, 2022.

JESSE A. LASLOVICH
United States Attorney

*/s/ Timothy A. Tatarka*
TIMOTHY A. TATAKRA
Assistant U.S. Attorney

*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 12, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body of the brief contains 3,470 words.

DATED this 12th day of December, 2022.

>*/s/ Timothy A. Tatarka*
>TIMOTHY A. TATARKA
>Assistant U.S. Attorney
>
>*/s/ Thomas K. Godfrey*
>THOMAS K. GODFREY
>Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, a copy of the foregoing document was served on the following persons by the following means:

<u> 1, 2 </u>  CM-ECF
<u>    </u>  Hand Delivery
<u>    </u>  Mail
<u>    </u>  Overnight Delivery Service
<u>    </u>  Fax
<u>    </u>  E-Mail

1. Clerk, United States District Court

2. Russell A. Hart
   Counsel for the Defendant

DATED this 12th day of December, 2022.

*/s/ Timothy A. Tatarka*
TIMOTHY A. TATARKA
Assistant U.S. Attorney

*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney