IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD LEROY STONE,<br><br>Defendant. | CR 22-93-BLG-SPW<br><br>ORDER ON MOTION TO<br>DISMISS INDICTMENT |

Before the Court is Defendant Chad Stone's Motion to Dismiss Indictment. (Doc. 38). Defendant argues that the Indictment fails to state an offense because the underlying order prohibiting him from firearm possession was issued without a hearing and consequently the elements of 18 U.S.C. 922(g)(8) are not satisfied. (Doc. 39 at 2). The government contends that ordinarily such a matter is inappropriate for pre-trial resolution given the fact-intensive nature of the inquiry, but agrees that here the limited question of whether the order of protection which prohibits him from possessing firearms was issued after a hearing of which he received notice and had an opportunity to participate is suitable for pre-trial resolution. (Doc. 41 at 12). Defendant agrees that this is the sole issue he raises at this stage. (Doc. 43 at 2).

1

Accordingly, the Court will address the issue. After considering the briefing, the indictment, and the undisputed facts presented in the exhibits, the Court concludes that the issue can be resolved without a trial on the merits and that the indictment should be dismissed.

## I. Background

Defendant is charged by Indictment with violating 18 U.S.C. § 922(g)(8), on or about July 23, 2021, by possessing a firearm and ammunition. (Doc. 1). 18 U.S.C. § 922(g)(8) reads as follows:

> (g) It shall be unlawful for any person—
> [. . .]
>> (8) who is subject to a court order that—
>>> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>>> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>>> (C)
>>>> (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>>>> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

On November 15, 2017, after a hearing which the Defendant participated in, Park County District Court Judge Gilbert issued an Amended Order of Protection

("2017 Order"), finding that Defendant posed a danger to his intimate partner and banning Defendant from contacting, threatening, or harassing his former partner. (Doc. 38-2 at 2). The order stated that it would "remain in full force and effect for Three (3) years from the date of this Order, at which time Respondent may request that the Order be extended by filing a Motion with the Court." (Doc. 38-2 at 2).

On November 9, 2020, Judge Gilbert issued an order ("2020 Order") upon the respondent's motion extending the order of protection indefinitely. (Doc. 38-3 at 1). The order states:

> The Respondent filed a Motion to Extend Order of Protection Indefinitely due to Violations and a Motion to Hold Petitioner [Defendant] in Contempt. The Respondent[1] [sic] did not file any responses to the Motions but did file a Notice to the Court/Notice of Appeal. Respondent's Notice is not response [sic] to Respondent's Motions. The Court, having reviewed the Motions, now enters the following Order;
> 1. Respondent's Motion to Extend Order of Protection Indefinitely due to Violations is GRANTED. The Order of Protection is hereby Permanent, unless amended or vacated by Order of the Court.
> 2. A hearing shall be held on the Respondent's Motion to Hold Petitioner in Contempt on Tuesday, January 19, 2021 at 4:00 p.m. and shall be limited to One (1) hour.

(Doc. 38-3 at 1).

## II. Discussion

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a party may raise by pretrial motion any defense, objection, or request that the court

---

[1] Several times in this paragraph, the court seemingly-incorrectly refers to the Respondent, but seems to mean Defendant, who was the Petitioner.

3

can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined that Defendant's motion is appropriate for pre-trial resolution because it solely involves a question of law.

Defendant contends that the 2020 Order was separate and distinct from the 2017 Order and that, because the district court did not hold a new hearing, Defendant was not in violation of § 922(g)(8) on or about July 23, 2021. (Doc. 43 at 5). The government argues that the hearing necessary for § 922(g)(8) to apply occurred in 2017 and that the district court was not required to hold a second hearing to extend it in 2020. (Doc. 41 at 15). In support, the government relies on Montana Code Annotated § 40-15-202, which states that orders of protection can be issued for "an appropriate period as directed by the court or be made permanent."

The Court agrees with Defendant and holds that the 2020 Order was not issued after a hearing at which Defendant had notice and opportunity to participate, and accordingly holds that the 2017 Order, which would apply under § 922(g)(8), expired prior to the date of Defendant's alleged firearms and ammunition possession. The 2017 Order states that the respondent could request that it be extended upon a motion, not that it would be extended automatically upon a

4

motion. The 2020 Order's extension is based on new evidence and unspecified violations. By the text of the order itself, there was no hearing, with or without Defendant's presence, prior to the issuance of the 2020 Order. Section 922(g)(8) requires that the order prohibiting possession be issued after a hearing with actual notice and opportunity to participate. The 2020 Order had neither. The 2017 Order was for three years and could be extended through the issuance of another order. Although the extension was granted, it is clear from the order itself that it was not validly extended as applicable to § 922(g)(8). The conduct charged occurred after the expiration of the 2017 Order. As such, it cannot be the basis for a charge under § 922(g)(8) and consequently dismissal is appropriate.

### III. Conclusion

Defendant's motion (Doc. 38) is **GRANTED**, and the Indictment is **DISMISSED** for failure to state a valid offense.

FURTHER, the trial set for March 27, 2023 is **VACATED**.

DATED this 1st day of March, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge